CHARLES BENTE ET AL. v. THERESA D. LANGE ET AL.

No. 754.

1. **Homestead Designation—Intention Alone Not Sufficient.**—The intention to occupy property as a homestead is not alone sufficient to clothe it with the attributes of a home; there must be some preparation to put such intention into effect, and where the act is of a very trivial and ephemeral nature, the intention may be changed.

2. **Vendor's Lien—Reconveyance—Rights of Subsequent Incumbrancers—Practice on Foreclosure.**—K. conveyed ten acres of land to L. for $10,000, reserving a vendor's lien for $7000 of the purchase money.  L. mortgaged the property to G., and afterwards having made default in the payment of the purchase money note, conveyed back to K., in consideration of a credit on the note of $5000, five acres of the land.  *Held*, that the reconveyance of the five acres was not a rescission of the contract pro tanto, but was a conveyance for a credit on the purchase money, and that such reconveyance was made subject to the equitable right of G. to discharge the lien of K.

by a resale of the property; and in a suit in which all were made parties, the court decreed a sale of the property in satisfaction of all the liens, though K. did not seek to foreclose his vendor's lien.

APPEAL from Harris.　Tried below before Hon. S. H. BRASHEAR.

*Oliver & Oliver,* for appellants.—1. The evidence failed to show that homestead rights had attached to the property in controversy prior to plaintiff C. F. Lange executing and delivering the said deed in trust to said defendants, and his borrowing defendants' money on the faith of the deed in trust.　Gardner v. Douglas, 64 Texas, 78, and authorities cited.

2. The acts of preparation were not sufficient to give notice of any intention to occupy said premises as a homestead; and such intention before actual occupancy could be abandoned by declaration of the husband.　Jacobs, Bernheim & Co. v. Hawkins, 63 Texas, 3; Freeman v. Hamblen, 1 Texas Civ. App., 163; Land and Loan Co. v. Blaylock, 76 Texas, 89.

3. The court erred in holding the attempted rescission of the sale by Kilper binding on appellants Galin and wife, because the attempted rescission was an attempted rescission of part only of the sale, and not of the entire sale, and because Kilper's right to rescind the sale was lost by his delay of more than a year after his purchase money note matured, and after the rights of Galin and wife as subsequent incumbrancers in good faith by trust deed duly registered had intervened and accrued.　Kass v. Chadwick, 60 Texas, 158; Tom v. Wollhoeffer, 61 Texas, 277; Burson v. Blackley, 67 Texas, 11.

*G. W. Tharp,* for appellees.—1. It has been the law in this State ever since Judge Hemphill delivered the opinion in Franklin v. Coffee, 18 Texas, 413, that the intention with preparation to improve the property makes it a homestead as soon as the intention is conceived, and this case is quoted and followed by our courts down to the present time.　Cameron v. Gebhard, 83 Texas, 614; 85 Texas, 614.

When such acts are done as would indicate the intention to appropriate the place as a home, and though not a home literally when levied upon, but being such at sale, the court held it as exempt as a homestead.　44 Texas, 611; Stone v. Darnell, 20 Texas, 11.

In Barnes v. White, 53 Texas, 631, ownership with intention to occupy fixes the homestead.

In Dobkins v. Kuykendall, 81 Texas, 183, the claimant of homestead had never lived upon the land, but had declared his intention to make it his home.　He hauled some logs and placed them upon the land, suspended work, and rented land at another place, and made no effort to occupy it for a year.　The homestead right had attached.

2. The superior title remained in Kilper, the vendor, till the purchase money was paid by Lange.　The purchase money never having

been paid, and the property reconveyed to Kilper at its reasonable value, in satisfaction of the purchase money on the whole tract, Kilper took the five acres free from Galin's deed of trust.

GARRETT, CHIEF JUSTICE.—Theresa Lange, joined by her husband, C. F. Lange, brought this suit to enjoin the sale of ten acres of land, which was about to be sold by the appellant Charles Bente, as trustee in a certain deed of trust executed by the said C. F. Lange to secure his promissory note in favor of the appellees Frank Galin and his wife, Sophie Galin. The ground for the injunction was that the deed of trust was void, because at the time of the execution thereof the land to be sold was the homestead of plaintiffs. Defendants pleaded a general denial, and in reconvention, Galin and wife set out their debt and deed of trust, and prayed a foreclosure of their lien. In their cross-bill they alleged that plaintiffs had bought the land from one Jacob Kilper, in consideration of $3000 cash and two notes for $3500 each; and that after the execution of the deed of trust they had reconveyed to Kilper five acres of the land for a recited consideration of a credit of $5000 on the original purchase money notes. They prayed that Kilper be made a party, offered to pay off the amount of his lien when ascertained, and asked for an adjustment of said liens and for general relief. Bente asked for a decree protecting him. Kilper filed an answer, but did not ask any foreclosure in his favor.

The court found that the land was the homestead of Lange and wife when the deed of trust was executed, and rendered judgment perpetuating the injunction, but gave a personal judgment against C. F. Lange in favor of Galin and wife for the amount of their debt and interest.

The land in controversy is ten-acre block number 28 of the Holman survey, in Harris County, and lies about one-half within the corporate limits of the city of Houston. Plaintiffs acquired it by purchase from Jacob Kilper, who conveyed it to C. F. Lange by a deed executed March 31, 1890, and duly recorded. The consideration for the property was $10,000, of which $3000 was paid in cash, and the balance was evidenced by two promissory notes of C. F. Lange for the sum of $3500 each, payable one and two years after date of the deed, with 8 per cent interest per annum from date, and for the payment of which the vendor's lien was reserved in the deed. It was understood at the time of the sale that Kilper should remain in possession of the property for one year longer, which he did. The property was improved, and Kilper resided thereon when he sold it. He had ditched the place and planted trees and shrubbery on it, and made a fish pond on it; his house was on the south half. When Kilper went off the property, plaintiffs paid his son $25 a month to remain in charge thereof and take care of the place. At this time Lange owned several pieces of property, but he and his family lived over the office of the Anheuser-Busch Brewing Company, for which he was agent. When he bought the property in controversy, Lange declared his intention to make it

his homestead.   In dealing with another piece of property in the city, he and his wife made an affidavit, dated May 20, 1891, that they designated and intended for their homestead the ten-acre block number 28. The evidence was sufficient to sustain a finding that plaintiffs intended the property for their homestead.

There never was any occupation of the property by the plaintiffs as their home until some months after the execution of the deed of trust. Within two weeks after plaintiffs purchased the place, Mrs. Lange went out and had some flowers planted.   She visited the place once or twice a week, looking after her flowers.   About September 1, 1891, C. F. Lange proposed to borrow $1500 from the defendants Galin and wife, and offered them this property as security.   They went out to look at it, upon his invitation.   Lange told Galin that he did not expect or intend to occupy this property as his home, but intended to occupy for that purpose a tract of land near the fair grounds; that he expected to put up a pleasure park and beer garden on the block 28.   Neither Galin nor his wife had any knowledge of the intention of Lange and wife to occupy the premises as a homestead, nor of any act to show preparation to so occupy it.   The deed of trust was executed by C. F. Lange to the defendant Bente, as trustee, September 1, 1891, to secure the note of Lange of that date for $1500, payable to the order of Frank Galin and Sophie Galin, twelve months after date, with quarterly interest from date at the rate of 8 per cent per annum.   It was duly recorded on September 2, 1891.   No part of this money has been paid. Some time after the execution of this deed of trust, Lange moved on the premises with his family, made some improvements, and at the time the property was advertised for sale was occupying it as a home.

On August 31, 1892, C. F. Lange and wife conveyed back to Jacob Kilper the northeast half of the lot in consideration of a credit of $5000 on the balance of the purchase money, all of which was past due and unpaid.   None of the purchase money has been paid otherwise, except the cash payment above mentioned.   Five thousand dollars was a fair valuation for the five acres so reconveyed.

As before stated, the intention of Lange and his wife to occupy the premises as their home was shown, but an intention alone to so occupy property is not sufficient to cloth it with the attributes of a home; there must be some preparation to put such intention into effect.   See Cameron v. Gebhard, 85 Texas, 610, for a review and discussion of the cases bearing upon this point.   The evidence here fails to show any act of preparation on the part of Lange and his wife to occupy the premises in controversy as a home sufficient to impress it with the homestead character.   The only act that might be so regarded was the planting of flowers on the place by Mrs. Lange, and this was an act of a very trivial and ephemeral nature.   Her occasional visits to the property were not evidence of preparation to occupy the same when taken in consideration with the facts, or, if evidence, very slight.   Consistently with the declaration of Lange to Galin and wife, the intention

may have been changed. Skaggs v. Mulkey, 1 Posey's U. C., 496; Gardiner v. Douglass, 64 Texas, 78; Kempner v. Comer, 73 Texas, 203; Cameron v. Gebhard, supra.

We are of the opinion, that the deed of trust in favor of Galin and wife is a valid lien upon the premises in controversy. We are further of the opinion, that the reconveyance by Lange and wife to Kilper of five acres of the land was not a rescission of the contract pro tanto, but was a conveyance for a credit on the purchase money, and that such reconveyance was made subject to the equitable right of Galin and wife to discharge the lien of Kilper by a resale of the property in protection of their own lien. Evans v. Burchard, 8 Texas Civ. App., 276. Kilper does not seek to foreclose his lien, but that does not prevent the court, upon the pleadings of Galin and wife, from making such decree as the equity of the case may demand with respect to his lien. It is our opinion that the lien of Galin and wife should be foreclosed upon the entire block of ten acres, subject only to the balance of purchase money due Kilper as shown by Lange's purchase money notes, without regard to the reconveyance by Lange and wife to him, to wit, $7000, with interest thereon from March 31, 1890; that the said block 28 be sold as under execution for the satisfaction of said liens, the proceeds to be paid first to the satisfaction of the amount due Kilper and then to the amount due Galin and wife, together with all costs, and the balance, if any remains, should be paid to the plaintiffs.

The judgment of the court below will be reversed and here rendered in accordance with this opinion.

*Reversed and rendered.*

Delivered January 31, 1895.