WM. M. RICE INSTITUTE FOR ADVANCEMENT OF LITERATURE, SCIENCE, AND ART v. GIESEKE.

(Court of Civil Appeals of Texas. El Paso. Feb. 6, 1913. Rehearing Denied March 12, 1913.)

1. BOUNDARIES (§ 3*)—MONUMENTS—COURSE AND DISTANCE.

Where a stake at the southwest corner of a survey and a stake and mound at its northwest corner were called for in the field notes, and could not be found, but there was ample evidence that they were located 1,849 varas west of another survey, such location being established, the call for distance would yield to the call for the monuments.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 3–41; Dec. Dig. § 3.*]

2. BOUNDARIES (§ 37*)—MARKED LINE.

Evidence that for more than 40 years the west line of a survey had been generally reputed and recognized in the community as being located at a particular point, that the same was marked in 1869 by a surveyor, who searched for the old line and found it marked by old marks on trees along its course, was sufficient to establish an old marked line.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. § 37.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action between Lena Gieseke and the William M. Rice Institute for the Advancement of Literature, Science, and Art. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellant. E. P. & O. K. Hamblen and E. T. Chew, all of Houston, for appellee.

HIGGINS, J. This was a boundary suit involving the proper location of the dividing line between the Bunker and Donnelly surveys. The Bunker was surveyed in 1838, with field notes as follows: "Beginning at a post oak 4 inches in dia., Brock's N. W. corner, on Lawson's south boundary; thence south with John Brock's west boundary 2,760 varas to a pine, oak and hickory, the pine marked 'W,' a corner of said Brock's survey; thence west with the north boundary of I. M. McGeet's survey 1,510 varas to a stake (crossing Willow creek twice); thence north 2,760 varas to a stake and mound in prairie of said A. Lawson's south boundary; thence east with Lawson's line 1,510 varas to the place of beginning."

The Donnelly lies immediately to the west, and its field notes begin at a stake and mound, the northwest corner of the Bunker; thence run in various courses to the Bunker southwest corner, and then with its west line to place of beginning. The northwest corner of the Brock was a well recognized and established corner. It will be noted that, according to the calls for distance, the Bunker west line lies 1,510 varas west of the Brock survey; and that its southwest corner calls simply for a stake, and the northwest corner for a stake and mound in prairie. Appellee, however, is claiming the line to be located 1,849 varas west of the Brock. In other words, she measures 1,849 varas west of the Brock to locate her west line, whereas appellant contends she should be permitted to measure only 1,510 varas, as called for in her patent; and the question is whether this call for distance shall prevail over the evidence offered by appellee establishing that the southwest and northwest corners of the Bunker and its west line were located as contended for by her.

[1] In Thatcher v. Matthews, 101 Tex. 122, 105 S. W. 317, it is definitely decided: (a) In case of conflict a call for an artificial object will control course and distance. (b) A stake is an artificial object; and if the place where it was originally located can be established the call for distance should yield to it.

The stake at the southwest corner and the stake and mound at its northwest corner, as called for in the field notes of the Bunker, could not be found; but there is ample evidence to support a finding that they were located 1,849 varas west of the Brock, and, under the authority quoted, such location being established, the call for distance must yield to it.

[2] The evidence discloses that for more than 40 years the west line has been generally reputed and recognized in the community as being located at the point contended for; that the same was marked; that in 1869 J. J. Gillespie surveyed the Bunker, and C. H. Hughes, who was with Gillespie at the time, testifies that they searched for the old line and found this one marked, which Gillespie followed as being the west line, and at that time the line had old marks upon the trees along its course. This evidence in regard to this old marked line, reputed and recognized for many years as being the true one, was sufficient to locate the stakes called for at the southwest and northwest corners as being at the points contended for by appellee.

The remaining assignments, if well taken, present no such error as would require a reversal of the cause, under rule 62a, recently adopted.

Affirmed.