HARKRIDER v. GAUT et al. (No. 603.)

(Court of Civil Appeals of Texas. Amarillo. April 25, 1914. Rehearing Denied May 23, 1914.)

1. BOUNDARIES (§ 37*)—SUFFICIENCY OF EVIDENCE.

Evidence, in trespass to try title to certain land alleged to be a part of survey No. 188, and to be a strip lying between the plotted part of such survey and the east boundary line thereof, held not to show the location of the east boundary line.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. § 37.*]

2. BOUNDARIES (§ 33*)—BURDEN OF PROOF.

In trespass to try title to a strip of land lying between the plotted part of a survey and the east boundary line thereof, the plaintiff had the burden of showing the true location of such line, and of furnishing testimony by which the court could ascertain and by its judgment fix such line.

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 146–152; Dec. Dig. § 33.*]

3. EVIDENCE (§ 471*)—FACT OR CONCLUSION—SURVEY.

In such action, the statement by a witness that the section was never actually surveyed upon the ground was clearly speculative, where he further testified that he got that idea because the field notes do not call for any corners on the ground.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

4. EVIDENCE (§ 83*)—PRESUMPTION—SURVEY.

In the absence of proof to the contrary, it must be presumed that surveyors, in making a survey, did their duty and marked the corner thereof with some object of reasonable permanence, and the presumption is that the original survey was actually made on the ground.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 105; Dec. Dig. § 83.*]

Appeal from District Court, Potter County; James N. Browning, Judge.

Trespass to try title by Coke W. Harkrider against J. R. Gaut and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Y. W. Holmes, of Plainview, for appellant. Cooper, Merrill & Lumpkin, of Amarillo, for appellees.

HALL, J. [1] Appellant instituted this suit in trespass to try title and for damages. Thereafter he acquired title from a number of other persons and filed an amended petition, in which he claims certain lands alleged to be a part of survey No. 188, in block 2, A. B. & M., surveys in Potter county; such land being a strip lying between the plotted portion of said survey and the east boundary line thereof. Appellees answered by a plea of not guilty, pleas of three and five years' limitations, estoppel, and further alleged that plaintiff's grantors had plotted all of said survey into lots and blocks, and called the same the town of Amarillo, and by said plot it was made to appear that each of the lots owned by appellees extended to the east boundary line of the survey, and that plaintiff was estopped from claiming otherwise. After the evidence was all in, the court peremptorily instructed the jury to find for the defendants.

Plaintiff, by mesne conveyances, has shown himself entitled to recover any portion of section No. 188 which the evidence shows not to have been platted in the town, and which might not be construed to be included within the terms of the deeds of the several defendants. The original plat of the town of Amarillo, filed on May 29, 1888, was introduced in evidence, though it does not appear in the statement of facts. It does appear, however, from the statement that this plat shows the several lots and blocks thereon extend to the line of the survey. The witness Wetsell testified that he was living at Amarillo, and was interested in the title to the property at the time the plat was made, and that the section was actually surveyed, and the entire section platted, and it was agreed that it was the in-

tention of the owners of the section at the time to do so. Plaintiff offered in evidence the deposition of Twichell, a surveyor, to prove the location of the boundary line on the east of said survey. His testimony upon this point is in substance that he surveyed the line between sections 188 and 169 and marked them and gave a corner for each section by driving down an iron pipe; that this was about 24 years ago; that he found the original corners on the ground at the northeast corner of section 163, block 2, and the northwest corner of section 15, block 1, and at the northeast corner of section 41, block 1. He then proceeded as follows:

"I then ran south following a line which had been marked by a previous survey, but not the original survey, and I ascertained that this line would cause block 2 to conflict with block 9 on the west, so I determined where the true south would place this line, and I found it would fall considerably east of where I had placed it, and that there was more than room to relieve the conflict. I then retraced the line, placing it far enough east to relieve the conflict, and measuring exactly 1,900 varas to the mile to the south from the northeast corner of 163, so tracing the east line of sections 163, 164, 165, 166, 167, 168, and 169. I then placed the corners for the east line of section 188 at right angles west from the east corners of 169, 1,900 varas."

Howard Trigg testified that there was a difference between the land platted into lots and blocks and the line as established by W. D. Twichell; that he knew the location of the iron pipes that marked the corners between 169 and 188 were set by Twichell. Also testified that he found cedar stobs marking on the ground the lots and blocks of the town of Amarillo, and that they checked up with the railroad; that the line he took for the east boundary line of section 188 was the line marked by Twichell. It appears that the original monuments mentioned by Twichell in his testimony are called for in the field notes of section 163, and also of sections 12, 15, and 41. Trigg testified that he resurveyed 188 and connected back to the original corners of the block at different times; that he had laid out section 188 and knows something about the original survey; that he had the field notes of the original survey before him and traced them; that he found no original corner of 188, because there is none to be found on the ground; that it was never surveyed on the ground at the time of the original survey; that he began surveying in this country in 1898 for the Santa Fé; that he gets the idea that the original section was not located on the ground because the field notes do not call for any corners on the ground. There are no original corners to look for. The field notes do not call for anything.

On cross-examination, however, he testified that they called for a stake and mound. He further testified that Twichell may have marked the line of 188, but he had checked it back to the original corners, but did not know whether he checked back on Twichell's survey or not.

[2] Giving this evidence all the force to which it is entitled, we think it fails to establish the location of the east line of section 188. The burden is upon the plaintiff to show the true location of this line. As said by Key, Justice, in Rosson v. Miller, 15 Tex. Civ. App. 603, 40 S. W. 861:

"In order to enable the court to render a judgment fixing the line in dispute, and settling the question of boundary, it devolved upon the plaintiff, not merely to show in general terms that the defendant had inclosed more land than he was entitled to, but to furnish testimony by which the court could ascertain and define exactly where the line should be run that would restore to the plaintiff the excess so held by the defendant; and such testimony was not furnished."

The fact that the line was at some point east of where it was attempted to be located by Twichell's survey, under this authority, is not sufficient upon which to base a judgment.

[3] The statement by Trigg that section 188 was never actually surveyed upon the ground is clearly speculative upon his part. Aransas Pass Colonization Co. v. Flippen, 29 S. W. 813.

[4] It is said by the Supreme Court, in Thatcher v. Mathews, 101 Tex. 122, 105 S. W. 317, that, in the absence of proof to the contrary, it must be presumed that surveyors, in making a survey, did their duty and marked the corner thereof with some object of reasonable permanence; and in Wilkins v. Clawson, 50 Tex. Civ. App. 82, 110 S. W. 103, the doctrine is announced that the presumption is the original survey of the league was actually made on the ground. Kuechler v. Wilson, 82 Tex. 645, 18 S. W. 317; Maddox v. Fenner, 79 Tex. 279, 15 S. W. 237. Twichell does not state that the pipes used by him in establishing corners are along the line originally surveyed, but expressly states that his survey was based on a line subsequent to the original survey. We have not undertaken to discuss appellant's assignments and authorities in detail. It appears that the court peremptorily instructed the jury because of the failure of the evidence to show the location on the ground of the east line of said section 188. In this we think the court was correct.

The judgment is affirmed.