**BREWER v. ROSS et al.   (No. 1887.) ***

(Court of Civil Appeals of Texas. El Paso. Dec. 30, 1926. Rehearing Denied Jan. 27, 1927.)

**1. Vendor and purchaser ⊂⇒334(7)—Vendor is liable for deficiency in acreage because of mutual mistake, notwithstanding absence of prior contractual relations with grantee.**

Vendor's liability for acreage deficiency because of mutual mistake in deed is not affected by fact that no contract relations existed with grantee prior to deed, which itself evidences a completed contract.

**2. Vendor and purchaser ⊂⇒334(7)—That vendor made no representation concerning acreage does not relieve him of liability for deficiency due to mutual mistake.**

That vendor made no representation to purchasers, or their agent, as to amount of acreage, is no defense to recovery for deficiency due to mutual mistake of parties to deed.

**3. Contracts ⊂⇒93(5) Mutual mistake may arise without misrepresentation.**

Mutual mistake may arise without misrepresentation by either of contracting parties.

**4. Vendor and purchaser ⊂⇒44—Evidence held to show mutual mistake concerning acreage, entitling purchasers to relief.**

In purchasers' suit to recover for alleged shortage of .645 acres of land, evidence held sufficient to show mutual mistake as to acreage arising without misrepresentation by either of parties to contract, entitling purchasers to equitable relief.

**5. Appeal and error ⊂⇒1050(2)—Admission of declarations of agent, to establish agency held not error, where not affecting result.**

In purchasers' suit to recover for alleged shortage of .645 acres of land, admission of certain evidence, claimed erroneous because attempting to establish agency by declarations of alleged agent, held not error, being immaterial because having no bearing on issues of case.

**6. Vendor and purchaser ⊂⇒341(3)—Acreage embraced within field notes held matter of calculation establishing prima facie purchaser's deficiency claim.**

In purchasers' suit to recover for alleged shortage of .645 acres of land, exact acreage embraced within field notes held matter of calculation establishing prima facie deficiency claimed.

**7. Boundaries ⊂⇒44—Stakes will be presumed to be located at distances stated in calls.**

In absence of evidence to contrary, in suit involving land boundaries, reviewing court will presume stakes to have been located at distances stated in calls.

**8. Vendor and purchaser ⊂⇒341(3)—In suit for land shortage on ground of mutual mistake, that vendor told realty agent that he did not know exact acreage held immaterial.**

In purchasers' suit to recover for alleged shortage of .645 acres of land, that realty agent was informed by vendor that he did not know exact acreage held immaterial; there being further evidence that compensation for land involved was upon acreage basis.

**9. Vendor and purchaser ⊂⇒334(7)—Purchasers' failure to survey or to calculate acreage from field notes held not negligence precluding recovery for acreage deficiency resulting from mutual mistake.**

In purchasers' suit to recover for alleged shortage of .645 acres of land, failure of purchasers to have actual survey made prior to buying or to calculate acreage from field notes contained in conveyance held not to establish negligence precluding recovery.

**10. Vendor and purchaser ⊂⇒341(3)—Purchasers held not required to prove eviction to recover for acreage deficiency resulting from mutual mistake.**

In purchasers' suit to recover for alleged shortage of .645 acres of land resulting from mutual mistake of parties to deed, purchasers held not required to prove eviction in order to recover.

**11. Vendor and purchaser ⊂⇒334(7)—That purchasers subsequently sold land for larger sum held not to affect right to recover for acreage deficiency due to mutual mistake.**

In purchasers' suit to recover for alleged shortage of .645 acres resulting from mutual mistake, fact that land was resold for much larger sum by purchasers few days after original purchase held not to affect right to recover for shortage.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

---

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 30, 1927.

Suit by W. R. Ross and others against J. E. Brewer. Judgment for plaintiffs, and defendant 'appeals. Affirmed.

See, also, 251 S. W. 307.

Sam R. Scott, of Waco, and J. Frank Sparks, of Eastland, for appellant.

Ross, Ross & Alexander, of Fort Worth, and Sayles & Sayles, of Eastland, for appellees.

HIGGINS, J. The appellant, Brewer, was the owner of an oil and gas lease covering 66.6 acres of land in Eastland county. On July 7th, 1919, he conveyed the lease upon a portion of the land to appellees Ross and Hoover, referring in the conveyance to the part conveyed as covering 6.88 acres and describing same by metes and bounds as follows:

"Beginning in the west line 468 vrs. north of the S. W. Cor. of the J. L. Jones tract which is the S. W. Cor. of the 40 acres leased to the Gulf Co. for the beginning corner of this tract. Thence N. 175 vrs. to Cor. Thence E. 168 V. to stake X. Thence S. 259 ft. to stake X. Thence E. 197.4 ft. to stake X. Thence S. 227 ft. to stake X. Thence W. 239.2 vrs. to beginning."

The conveyance recites a consideration of $1 and other good and valuable considerations.

This suit was brought by appellees to recover back a part of the purchase money; it being alleged that there was a shortage of .645278 acres in the tract conveyed to them, and that the same was sold and bought on the basis of $3,500 per acre. Upon trial a verdict was returned in the plaintiffs' favor for the amount sued for in response to a peremptory instruction to the jury so to do. This is the second appeal. See (Tex. Civ. App.) 251 S. W. 307.

Upon the former appeal it was held: (1) That the conveyance upon its face imported a sale in gross, but this did not preclude recovery if in fact the sale was by the acre; it being alleged and proven that the parties were mutually mistaken as to the acreage. (2) That while the petition was inaptly framed, it was sufficient to support a recovery upon the theory of a mutual mistake as to the acreage. (3) That while the deficiency in the acreage was only .645 of an acre, nevertheless under the circumstances it was sufficient to entitle plaintiffs to relief. These rulings are adhered to, for which reasons all of appellant's proposition, not in harmony therewith, are overruled.

Viewing the evidence in its aspect most favorable to appellant, it establishes without dispute the following facts: The firm of Allen, Stemmons & Porter and Pike Baker were real estate agents, or brokers, in business at Desdemona. Brewer was engaged in business at Gorman. Prior to the date of the conveyance in question, appellant tried to sell the tract to Stemmons, pricing same to him at $3,000 per acre. Stemmons did not accept the offer. A few days later Baker came to appellant's office and told him Stemmons would purchase at the price previously quoted if appellant would furnish an abstract of title and allow ten days for examination. This appellant agreed to do and furnished the abstract. In a few days Baker again saw appellant and advised him Stemmons was ready to close the deal and desired the conveyance made to appellees Ross and Hoover. This was the first time appellant had heard of appellees. He then personally prepared the conveyance and delivered it to his representative, Albert Kirk, for delivery. Kirk took the conveyance to Desdemona and delivered it to Stemmons and then went to a Bank in Desdemona with Stemmons' partner, Porter. Upon reaching the bank it delivered to Kirk, upon Porter's instruction, a certificate of deposit in favor of Brewer for $20,640, which was at the rate of $3,000 per acre for 6.88 acres. Kirk later delivered the certificate to Brewer, who accepted the same as payment. In making the purchase appellees acted through their agent, L. L. Evans, who dealt with Porter, of the firm of Allen, Stemmons & Porter. In behalf of his principals Evans paid Allen, Stemmons & Porter $24,080, which was at the rate of $3,500 per acre for 6.88 acres. The difference between the amount paid by appellees and the amount of the certificate delivered to appellant was retained by Allen, Stemmons & Porter, who paid one-half thereof to Baker. All parties, including Brewer, testified that the compensation was calculated upon the basis of 6.88 acres, and it is plain that all parties proceeded upon the mistaken assumption that the tract contained that amount of land, and if they had known the acreage was less than that, the aggregate purchase price would have been correspondingly diminished.

Appellant presents this proposition:

"There having been no agreement between the grantor and the grantee named in the written assignment in question, the actual contract of sale being between the grantor and an interested third party, and the placing of the grantee named in the conveyance being at the instance and request, and purely for the accommodation of such interested third party, and the grantor having no agent in the transaction, and no representations whatever having been made by the grantor as to the number of acres contained in the tract of land described in the conveyance by metes and bounds, there can be no liability by the grantor to the grantee in such conveyance for any shortage in acreage subsequently ascertained to exist."

[1-4] We do not understand how appellant can assert there was no agreement between himself and appellees in the face of the admitted fact that he executed and delivered the conveyance in question to appellees. It is true appellant had no agreement or nego-

tiations' with appellees prior to that time, but when he executed and delivered the conveyance, an executed agreement or contract between them was then consummated, and if there was a mutual mistake between the parties to that contract as to a material fact affecting the subject-matter, the rules of equity in such cases at once became applicable and governed the rights of the parties. The fact that appellant made no representation to appellees, or their agent, as to the amount of the acreage, is of no importance. If appellees' action was predicated solely upon the ground of a false representation as to the acreage, then the failure to prove the misrepresentation would be fatal to the suit. But appellees also rely upon mutual mistake, and a mutual mistake may arise without a misrepresentation by either of the parties to the contract, and that is what happened in this case, for it is plain that neither Baker, Allen, Stemmons & Porter, or Evans, knew the supposed acreage of the tract until Kirk brought the conveyances to Desdemona for delivery. Then the aggregate compensation was calculated upon the basis of the acreage recited in the lease. The parties acted upon the mutual assumption and mistake that the acreage was as recited in the lease, and, if there was a material deficiency in such acreage, then the appellees were entitled to relief under numerous authorities in this state, some of which are cited in the opinion rendered upon the former appeal.

[5] Error is assigned to the admission in evidence of certain statements of Baker to the witness Porter upon the ground that agency cannot be established by the declarations of the alleged agent. This matter presents no error for the reason that it is immaterial whether Baker was appellant's agent in the negotiations with Allen, Stemmons & Porter. The evidence admitted had no bearing upon the controlling issues and the propriety of the peremptory instruction given by the court.

[6, 7] It is asserted the plaintiffs failed to prove a deficiency. The exact acreage embraced within the field notes is a matter of calculation which establishes prima facie the deficiency claimed. Seureau v. Frazer (Tex. Civ. App.) 189 S. W. 1003. The calls for stakes at the various corners of the tract in a proper case will control the distance calls (Thatcher v. Matthews, 101 Tex. 122, 105 S. W. 317), but there is no suggestion of any error in the distance calls. In the absence of evidence to the contrary, it will be presumed the stakes were located at the distances stated in the calls.

[8] Appellant attaches importance to the undisputed evidence that when Evans, appellees' agent, took up with them the matter of buying the tract, he informed them he did not know the exact acreage it contained but it was between 6 and 8 acres. It is claimed this evidences an intention to buy the tract regardless of its exact acreage and to risk any deficiency which might exist. We do not regard this evidence as of any importance in view of the further evidence that the compensation was upon an acreage basis, mutual mistake as to the acreage, and that the aggregate purchase price would have been correspondingly diminished if the parties had known of the deficiency.

[9] Nor do we think the plaintiffs were guilty of negligence precluding recovery because they failed to have an actual survey made prior to buying, or by their failure to calculate the acreage from the field notes contained in the conveyance. 21 R. C. L. 168; Pomeroy, Eq. Juris (4th Ed.) pp. 1747–1752; Seureau v. Frazer, supra; Alston v. Richardson, 51 Tex. 6.

[10, 11] It was not necessary for plaintiffs to prove an eviction, nor is their right to recover affected by the fact that a few days after acquiring the property they resold it for about $40,000.

For the reasons stated, none of the propositions contained in appellant's brief show error.

Affirmed.