**418**

PARRISH et al. v. HUMBLE OIL &
REFINING CO. et al.

No. 6622.

Court of Civil Appeals of Texas. Texarkana.

April 10, 1952.

Rehearing Denied Sept. 25, 1952.

Lawrence & Lawrence, Tyler, John Porter, Longview, for appellants.

Ben Goodwin, Tyler, Jones & Jones, Mineola, Dillard Baker, Nelson Jones, W. J. Merrill, Rex G. Baker, Houston, Weeks & Hankerson, Tyler, for appellees.

WILLIAMS, Justice.

This trespass to try title action involves a 0.12 acre strip out of the George Brewer 1,280 acre survey in Wood County. Appellants, the plaintiffs below, are W. R. Parrish and wife, asserted owners of the fee, and H. D. MacDonald and another holding a leasehold executed by Parrish in 1951. Humble Oil and Refining Company, alleged owner of an oil and gas leasehold and others, the alleged owners of mineral interest under this leasehold, defendants below, together with Tex-Jersey Oil Company, Inc., who intervened in the action, are appellees. All jury findings were favorable to intervenor and defendants. The judgment decreed that plaintiffs and intervenor take nothing against the defendants and that plaintiffs take nothing against the intervenor as to the title and possession of the land sued for. Appellants' points relate to the admissibility of evidence.

A photostatic copy of a recorded plat of the Reese Addition to the town of Hawkins, and the several conveyances to Lots Nos. 14 and 15 of the addition under which intervenor holds and claims, were admitted in evidence over the objections of plaintiffs. Under several points, succinctly stated, appellants assert "that this plat contains nothing within its four corners by which it could be located on the ground" that is, "there is nothing by which to orient the area or the lots depicted by the plat to a definite location on the ground,"—"to or within the survey."

A photostatic copy of this recorded plat is reproduced and appears in Manziel v. Railroad Commission, Tex.Civ.App., 197 S.W.2d 490, 492. Our drawing which follows, but not drawn to scale, to represent the area in controversy, has been sketched from plaintiffs' exhibit No. 25 on which all jury issues submitted were directed to Lines "11–14" and "10–18." We have superimposed on this exhibit the approximate location of Lots 14 and 15 and a 29 foot alleyway adjacent on the East of Lot No. 14, called for in the plat of this addition. Plaintiffs claim title to the shaded area of about 27 feet x 185 feet, which they assert is east of line "11–14." They

offered evidence of calls in junior deeds which described tracts lying between the E. line of the Brown 73½ acre tract and the E. line of the Brewer Survey, in support of their claim that the East boundary line of the Reese 73½ acre tract is located on line "10–18":

the place of beginning, containing 13 acres, more or less, less one acre out of the S. E. corner now owned by the Colored Baptist Church, described as follows: Beginning at the S. E. corner of above mentioned tract; thence North with the E. B. line of said tract 265 feet; thence West 164 feet;

The deed from Wells and wife which in 1892 conveyed to J. A. Brown a 73½ acre tract out of the Brewer Survey calls for a black-gum as a witness tree at its Northeast corner, as follows: "Thence North 740 vrs. stake for corner, Black-gum brs. S. 11 deg. E. 5⅗₀ vrs." The conveyance of the same tract by Brown and wife to L. H. Reese on May 3, 1910, contains the same description to mark the Northeast corner of this 73½ acre tract. Under a deed dated May 23, 1912, L. H. Reese and wife conveyed to W. R. Parrish a tract of land out of the S. E. corner of above 73½ acre tract, described as follows: "Beginning at the S. E. corner of a tract of land deeded to L. H. Reese by J. A. Brown, and wife Lucy Brown, May 3rd, 1910; thence North with the E. B. line of said tract 162 varas to stake for corner in East edge of public road. Thence West 456 varas to stake in field for corner; thence South 162 varas to stake for corner on S. B. line of above mentioned tract; Thence east 456 varas to

thence south 265 feet to corner on S. B. Line of above mentioned tract; thence East 164 feet to the place of beginning. The amount hereby conveyed being 12 acres more or less."

It is undisputed that W. A. Morrison, a surveyor, accompanied by W. R. Parrish, Jack Brown and a son of L. H. Reese, by an actual survey on the ground carved this twelve acres out of the 73½ acre tract and marked each corner of the twelve acre tract with a wooden stake. Morrison incorporated his field notes in above deed from Reese and wife to Parrish. Morrison wrote this deed and took the acknowledgments. It is further uncontroverted in the evidence that Parrish then employed Morrison to subdivide this tract into an addition; that this surveyor accompanied by Parrish went upon the twelve acre tract and by actual measurements subdivided the entire tract into lots, alleys and a street as reflected in his plat he prepared from such work; and that this plat so prepared by

him, designated, "Reese Addition, Hawkins, Texas," was filed for record June 12, 1912, in Wood County deed records. The stakes that Morrison had set to mark the four corners of the twelve acre tract were still intact when he returned in less than three weeks to survey and measure out the subdivision. It was his testimony that he used the same corners in his measurements of the lots, alleys and street shown in his plat.

Parrish's deed dated May 22, 1913, which conveyed Lots Nos. 14 and 15 to T. C. McClenny and under whom intervenor Tex-Jersey Oil Company holds and claims title contains the recital, namely, "Being all of Lots Nos. 14 and 15 of the Reese Addition to the town of Hawkins, a copy of which is duly recorded in the deed records of Wood County, each of above described lots being 105 by 170 feet."

■ Above facts together with the details of this plat as discussed in Manziel v. Railroad Commission, supra, sustain the action of the trial court in admitting this plat in evidence, and appellants' point which attack this action are respectfully overruled. As stated in Cottingham v. Seward, Tex.Civ.App., 25 S.W. 797, reaffirmed in Texas Co. v. Andrade, Tex.Civ. App., 52 S.W.2d 1063, 1066, and applicable here: "The fundamental principle in all cases is to ascertain where the survey was actually made upon the ground." "Where the footsteps of the surveyor are found, all rules for the ascertainment of boundaries are satisfied, and all calls in the grant must yield to this ascertained fact." Texas Co. v. Andrade, supra. See also Burnett v. Burriss, 39 Tex. 501, 502, 505; Thatcher v. Matthews, 101 Tex. 122, 105 S.W. 317; 7 T.J. (Boundaries), Sec. 23. Morrison, the surveyor, who established the original N.E. corner of the 73½ acres with respect to the black gum tree and who later carved the 12 acre tract out of it and who a few weeks later subdivided the twelve acres into the Reese Addition, testified he located the east boundary line of the 12 acre tract on the east boundary line of the 73½ acre tract as actually surveyed out and marked

by him. Parrish and others were present when the surveyor ran out and established the east boundary of the 12 acre tract, indicated by line "11–14." Parrish was present when such east boundary line was recognized in the measurements used in carving the 12 acre tract into lots, alleys and a street. Neither Parrish nor those present at the time dispute or contradict this testimony.

■ The conclusion above reached renders unnecessary a discussion of the other points presented, all of which relate to the admission or exclusion of exhibits or to other surveying testimony bearing on the alleged true boundary line of the 73½ acre tract. If the 0.12 acre tract is within the boundaries of the 12 acre tract, it is a part of, if not all of, the 29-foot alley so dedicated in the plat of the addition. Under such circumstances Parrish and those holding under him are in no valid position to maintain this trespass to try title action. The decision in Manziel v. Railroad Commission, supra, is stare decisis of the fact that such 29 foot alley has been dedicated to the public as such. Also a strong legal presumption exists against the reservation by Parrish of such an area. Humble Oil & Refining Co. v. Goldsmith, Tex.Civ. App., 196 S.W.2d 655, and authorities there cited. If the 0.12 acre tract is situated east of line "11–14", the line drawn to indicate the E.B. line of the 12 acre tract, then plaintiffs cannot legally maintain a recovery against Humble and those claiming under it in this trespass to try title action because plaintiffs failed to prove either record title in them or common source of title. In brief, plaintiffs' title must rest on the deed from L. H. Reese and wife to Parrish. If the area sued for is outside such 12 acre tract, then no legal record title rests in them. If it be within the 12 acre tract, then the area in controversy has been dedicated as an alley.

All points have been examined and are overruled.

The judgment of the trial court is affirmed.