**HUMBLE OIL & REFINING COMPANY,**
Appellant,

v.

**H. D. MacDONALD et al., Appellees.**

No. 10316.

Court of Civil Appeals of Texas.

Austin.

May 25, 1955.

Rehearing Denied June 15, 1955.

Rex G. Baker, Nelson Jones, Dillard Baker, Houston, Powell, Wirtz, Rauhut & McGinnis, Austin, for appellant.

John Ben Shepperd, Atty. Gen., Mert Starnes, Asst. Atty. Gen., for Railroad Commission of Texas.

Lawrence & Lawrence, Tyler, for H. D. MacDonald.

ARCHER, Chief Justice.

This is a Rule 37 case on appeal from final judgment rendered by the 53rd District Court of Travis County, Texas, for defendants, Railroad Commission of Texas and H. D. MacDonald. Trial was to the court without a jury. The permit to drill which appellant seeks to cancel is for H. D. MacDonald Well No. 1, W. R. Parrish 0.15 acres in Hawkins Oil Field in Wood County, Texas. The permit was granted on the recited ground of prevention of confiscation and/or waste.

The appeal is based on the following point of error:

"The trial court erred in rendering judgment for appellees because all the competent evidence shows that the well is not necessary to prevent waste and that the 0.15 acre tract is a subdivision of property not entitled to separate development."

On submission appellant took leave to amend its point of error by substituting the words "because all the competent evidence shows" in lieu of the words "in view of the evidence showing."

Appellant contends that the 0.15 acre tract did not exist as a separate tract before the discovery of oil in the Hawkins Field, but was created by voluntary subdivision in 1950.

Appellees take the position that the 0.15 acre tract has been owned by Parrish and subsequently by MacDonald separate from all adjacent land since 1912, and is entitled to separate development to prevent confiscation.

Appellant further contends that the 0.15 acre tract was never a part of the 12 acre tract conveyed by Reese to Parrish, but was a part of a one acre tract excepted from that conveyance and that Parrish never owned the 0.15 acre tract until the execution of a boundary agreement in 1950 and subsequent to the discovery of oil.

Appellees take the further position that the 0.15 acre tract was never a part of the one acre tract but a part of the 12 acre tract which lies adjacent to and west of the one acre tract.

As a history of the development of the title to the several tracts of land, in the year 1892, B. A. Wells conveyed a 73½ acre tract to Jack Brown. In 1910 Brown conveyed the land to Reese. In 1912 Reese conveyed a tract of 12 acres out of the 73½ acre tract to Parrish, described by metes and bounds with a length of 456 varas and width of 162 varas, such area containing 13 acres, but there was excepted a tract of one acre with a length of 265 feet and a width of 164 feet, and being out of the southeast corner of the 13 acre tract.

On June 12, 1912, there was filed for record a map or plat of Reese Addition, Hawkins, Texas, which together with the surrounding areas are shown in the case of Manziel v. Railroad Commission, Tex. Civ.App., 197 S.W.2d 490, error ref., and again in Parrish v. Humble Oil & Refin-

ing Co., Tex.Civ.App., 251 S.W.2d 418, and we do not insert it herein.

On June 9, 1950, W. R. Parrish, MacDonald, Wesley Goodson, Jr., et al., entered into an agreement establishing a common boundary line between the 0.15 acre tract and a 3⅓ acre tract.

Sometime later W. R. Parrish, H. D. MacDonald and others filed a trespass to try title suit against Humble Oil & Refining Co. et al., in Wood County, following a trial and based on jury findings the court entered judgment that the plaintiffs take nothing and in favor of Humble. This case was appealed to the Court of Civil Appeals at Texarkana, Texas, and the judgment of the trial court was affirmed and an application for writ of error was refused, n. r. e.

The application for the permit was made during the pendency of the suit in the District Court and subsequent to the trial and to the jury's verdict and four days before the District Judge entered his judgment.

During the pendency of the case in the Court of Civil Appeals, based on an application for a permit filed June 8, 1951, the Commission, on December 19, 1951, granted MacDonald a permit to drill Well No. 1.

While the Parrish v. Humble Case was not an appeal from an action of the Commission granting a permit and as such does not involve the same subject matter, but both MacDonald and Humble were adverse parties in the Wood County suit and the ownership of the 0.15 acre tract was at issue and the very existence of such an area was litigated and decided, and MacDonald is bound and concluded by the court's judgment and he is estopped to litigate the issue again.

Houston Terminal Land Company v. Westergreen, 119 Tex. 204, 27 S.W.2d 526.

This estoppel is not an absolute bar to MacDonald's entire suit because the subject matter and cause of action in the present suit are not the same as in the

Wood County Case, but the location of property lines were determined in the Wood County Case and appellee MacDonald is estopped to assert that the property lines are at a different ground location from that established by the former judgments.

Withers v. Republic National Bank of Dallas, Tex.Civ.App., 248 S.W.2d. 271, error ref., n. r. e.

It appears that the 0.15 acre tract on which the permit was granted lies inside of and is a part of the one acre tract excepted in the deed from Reese to Parrish, according to the judgment in the Wood County Case.

The one acre tract was acquired by Wesley Goodson in 1927, and in 1937, Goodson leased his 3⅓ acre tract which included the one acre tract for oil, gas and other minerals. Oil was discovered in the Hawkins Field in 1940.

In 1950, as has been noted, Parrish and MacDonald secured a boundary agreement from Goodson by the terms of which the 0.15 acre tract was segregated from the remainder of the one acre tract.

■ We recognize that the Railroad Commission has no power and authority to decide the ownership of the title to land or to adjudicate boundary lines, and further that the District Courts of Travis County do not have venue of such issues in this case. It is, however, incumbent on an applicant for a permit to make a reasonably satisfactory showing of a good faith claim of ownership in the property. In this instant case MacDonald knew he had lost any title he might have had in the District Court at the time he made his application.

We believe that the boundary agreement between Wesley Goodson, Jr., et al., and Parrish and MacDonald constituted an illegal subdivision of property.

■ The order of the Commission is to be tested in the light of conditions existing at the time the order was issued.

Then too Parrish never made an open claim so far as the record discloses to the 0.15 acre tract subsequent to the subdivision of the 12 acre tract and did not assess or pay any taxes thereon.

Within the meaning of the Commission's order of May 29, 1934, amending Rule 37 relating to the spacing of subdivisions and providing that no voluntary subdivision of property made subsequent to the discovery of oil shall be considered in determining whether or not any property is being confiscated, etc. the Commission was not authorized to grant the permit.

■ Since the 0.15 acre tract came into existence in its present location and dimensions by virtue of the boundary agreement, and further since the Commission had constructive if not actual notice of the court holdings in Manziel v. Railroad Commission, supra, decided in 1946, it was bound by such findings as to the location of the property lines and the tracts of land, all of which are fully set out in the decision of the court.

■ The Commission, of necessity, in granting exceptions to its spacing rule, was required to determine whether the applicant had a good faith claim to the tract of land, and as to its existence prior to 1950, the date of the boundary agreement, and in any event prior to the discovery of oil in 1940, and in this connection we do not believe that the Commission's order is reasonably supported by substantial evidence that the applicant had a good faith claim to the property.

Magnolia Petroleum Co. v. Railroad Commission, 141 Tex. 96, 170 S.W.2d 189; 31–A Tex.Jur. p. 706, Sec. 411; Humble Oil & Refining Co. v. Carr, Tex.Civ.App., 243 S.W.2d 709, error ref. n. r. e.

Under all of the facts we conclude that the permit is invalid, and the judgment of the trial court is reversed and judgment is here rendered cancelling the permit.