Hemphill, Ch. J.
The appellee contends that, as the damages for which he brought suit were unliquidated, this was not a case for tender, and it did not discharge the defendant from costs. This view we apprehend to be erroneous. It is an established rule that when a misrepresentation is made as to tlie quantity, though innocently, the right of the purchaser, if lie does not abandon tlie contract, is to have what the vendor can convey, with an abatement out ■of the purchase-money for so muchas the quantity falls short of the representation. (Mitchell v. Zimmerman, 4 Tex. R., 82; Sugden on Vendors, p. 291; 2 Story Eq., sec. 779.) This rule is not universal, hut it is general, and was applicable to tlie circumstances of this case, and, in effect, was so found by the jury. There was a standard, then, by which to estimate with precision the amount of reimbursement to which tlie plaintiff was entitled. The sum was iu effect liquidated, as its amount could be ascertained by computation. It was ■a proper case, then, for tender, and would have entitled tlie defendant to exemption from costs had lie also tendered before suit a conveyance to the purchaser. His obligation was on payment to make a good and lawful title to tiie land. The notes had been paid, [.lie condition on the part of tlie purchaser .performed, and it became incumbent on Walling to execute title according to liis stipulation. This lie neither did nor offered to perform, and as justifying his omission alleges that no deed was prepared and tendered to him by the purchaser for his signature. We are not of opinion chat the vendee was under any obligation when lie demanded title to prepare the deed of conveyance. This is the rule in England, and it arose there from the difficulties surrounding their titles. These were so great as to render it necessary to make an abstract -of tlie numerous instruments relating to the title, and these being submitted to tlie purchaser’s counsel it became usual for him to prepare the conveyance. (Sugden on Vendors, p. 247.)
Our titles have not yet become involved in so much difficulty, nor have tlie instruments relating to them increased to such numbers as to make tlie practice in England either convenient or necessary in this country. And it is believed that tlie current of American decisions (though I have no opportunity of examining them) is to tlie effect that where a vendor covenants on payment of tlie purchase-money to give a title to the purchaser, lie is bound to prepare and tender the deed of conveyance. (3 S. & R. R., 228.)
The jury found and tlie court decreed that Availing should make tille. This issue was determined against him, and was sufficient basis on which to adjudge costs to the plaintiff.
There is no statement of facts, and we are not apprised of tlie evidence which was adduced at tlie trial. This may have shown a hard case against .tlie plaintiff, and have justified tlie court iu cxcrcisiug such discretion tus it possessed in mulcting tlie defendant in all the costs.
In equity, in suits for specific performance, prima facie, tlie party who fails in the suit is liable for tlie costs, but as costs in equity lie in tlie breast of tlie court, tlie prima facie claim to costs may be rebutted by the circumstances of the case, and it is for tlie court to decide whether the circumstances are or are not sufficient to rebut the claim. (Sugden on Vendors, 2 vol., p. 23.)
There being no evidence to tlie contrary, we presume a proper exercise of discretion under this rule of equity, as every presumption must be indulged in favor of a judgment, and where there is no statement of facts it must be presumed that everything was proved which was susceptible of legal proof. (3 'Tex. R., 357.)
*257 Had the defendant been vigilant, lie should have moved a reform of the judgment at the term in which it was entered. He appears to have been anxious to avoid litigation and to act justly; but from the facts, as they appear on the record, and from others which must be presumed to exist, we can perceive no mode by which he can be relieved from the burthen of costs.
The remaining' ground it is not deemed necessary to notice.
Judgment affirmed.
Note 91. — Brock v. Southwick, ante 65.
Note 92. — Arnoldv. Williams, 21 T., 413; St. Clair v. McGehee, 22 T., 5; Smith v. Allen, 28 T., 497.