### YATES et al. v. BUTTRILL.

(Court of Civil Appeals of Texas. Ft. Worth. May 4, 1912. Rehearing Denied June 15, 1912.)

1. VENDOR AND PURCHASER (§ 176*)—DEFICIENCY IN QUANTITY — DEDUCTION FROM PRICE.

Where the amount of land conveyed is less than that represented by the vendor on a sale by the acre, or materially less on a sale of a gross tract, the purchaser is entitled to such a proportionate reduction from the purchase price as the shortage bears to the entire tract as represented.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 333–340; Dec. Dig. § 176.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**2. VENDOR AND PURCHASER (§ 341*)—REMEDIES OF PURCHASER—LIMITATIONS.**

The fact that any cause of action on the vendor's express promise to make good any shortage in the amount of land conveyed was barred by limitations did not bar the purchaser's right to maintain an action as for money had and received for land falsely represented to exist.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*]

**3. VENDOR AND PURCHASER (§ 341*)—ACTION FOR SHORTAGE—EVIDENCE.**

Where, in a purchaser's action for a shortage in the land conveyed, there was nothing to indicate that the shortage lay in any one direction more than in another, it was not error to exclude evidence as to the value of adjacent land lying in one certain direction.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 1008–1017; Dec. Dig. § 341.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by D. B. Buttrill against J. F. Yates and others. From the judgment, defendants appeal. Affirmed.

Orrick & Terrell and McLean & Scott, all of Ft. Worth, for appellants. A. J. Clendenen, of Ft. Worth, for appellee.

SPEER, J. The nature of this case will be disclosed by an examination of the report of a former appeal in 132 S. W. 831. On the last trial the jury returned a verdict for the plaintiff for the sum of $1,252.56 for the shortage in the land conveyed to him and in favor of the defendants in all other respects. The defendants have appealed, and the plaintiff has filed cross-assignments.

[1] The court thus submitted the issue upon which appellee recovered: "You are instructed that if the defendants or either of them, or their agent, J. W. Allen, represented to the plaintiff that the two tracts of land in Denton county conveyed by defendant to plaintiff contained in the aggregate 573 acres of land, and if you find from the evidence that the price to be paid therefor was arrived at with reference to the number of acres so represented, and you further find from the evidence that said land contained a less number of acres than 573 acres, then you will find for the plaintiff such a proportionate reduction from the purchase price of said land as you may find that the shortage, if any, bears to the entire tract as represented. Or if you find and believe from the evidence that the sale of the tract of land was in gross—that is, as a tract of land —and that either of the defendants, or their agent J. W. Allen, represented the same to contain 573 acres, and that the tract of land actually contained less than 573 acres, and that the shortage, if any, was material in amount, then you will find for the plaintiff a proportionate reduction from the purchase price as charged above."

[2] By numerous assignments, it is insisted that the court should have charged, or at least that a verdict should have been returned, in favor of appellants, because the pleadings and evidence show that appellee relied upon a contract with appellants to the effect that he might have the land surveyed, and they would make good any shortage found to exist, and that such cause of action, if any ever existed, was barred, since the contract was broken beyond the period of legal limitation. This contention cannot be sustained, however, because appellee's pleadings and evidence make a case wherein he relied upon the representations of appellants and their agent that the land did embrace five hundred and seventy-three acres. Their promise to make good any shortage, even though he relied upon the same, imposes no duty upon them which the law would not otherwise impose, and cannot have the effect to require appellee necessarily to rely on those promises as a contract to the exclusion of his right to maintain this action, as for the recovery of money had and received for land falsely represented to exist.

[3] There was no error in refusing to allow the appellants to prove what was the value of the land east of the fence of the tract in controversy. It is insisted that such evidence was admissible upon the assumption that the north, west, and south lines of the tract were established, and the shortage, therefore, lay to the east. But there is no basis for this assumption since there is nothing in appellants' statement, nor in the record either as to that, to indicate that the shortage in the tract lay in one direction rather than in another. The testimony of the surveyor justifies the verdict that there was a shortage within the established boundary lines, and, of course, in such a case it cannot be said the value of the shortage should be determined by the value of adjacent lands lying in one direction rather than another, if indeed the value of adjacent lands is admissible at all. We think the charge quoted above submitted the correct measure of damages. This is perhaps the most serious question in the case, but we are of the opinion that where, as here, the sale is by the acre, or even in bulk and the shortage is material, the recovery for a general shortage should be proportioned to the estimated acreage or at the agreed price per acre. Wheeler v. Boyd. 69 Tex. 293, 6 S. W. 614; Gass v. Sanger, 30 S. W. 502; McGee v. Bell, 170 Mo. 121, 70 S. W. 493, 59 L. R. A. 761; Hall v. Ely (Ky.) 76 S. W. 848. Where the loss is of a particular portion of the tract, or in a particular character of land, then a different rule might afford the surest method of allowing compensation for a loss thus made definite. But, in the absence of some such showing, we can conceive of no more certain way of giving

·compensation, which is always the final test, than that adopted by the trial judge in the case.

We find no error under appellants' assignments and have not considered the cross-assignments, assuming they were presented for ·consideration only in the event of a reversal.

The judgment is affirmed.