## TAYLOR v. HILL. (No. 5431.)*

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1916. Rehearing Denied Feb. 23, 1916.)

1. VENDOR AND PURCHASER ⬦176—SALE BY ACRE — ABATEMENT FOR SHORTAGE — INNOCENT MISREPRESENTATIONS.

Where land is sold by the acre, and there is a material shortage, the purchaser is entitled to a proportional abatement of the purchase price, and is not limited to an action for rescission, though the misrepresentations as to quantity were innocently made, and there was a mutual mistake respecting it.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 333–340; Dec. Dig. ⬦176.]

2. DISMISSAL AND NONSUIT ⬦42—CROSS-ACTION—CODEFENDANTS.

A defendant's cross-action against a codefendant being dismissed, the case stands as though it had never been filed, as regards the codefendant's right to plead in offset and cross-action against him.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. §§ 75–83; Dec. Dig. ⬦42.]

3. DISMISSAL AND NONSUIT ⬦12—CROSS-ACTION.

A defendant has the right to dismiss at any time his cross-action against a codefendant.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 27; Dec. Dig. ⬦12.]

4. PRINCIPAL AND AGENT ⬦156—REFERRING MATTER TO ANOTHER.

A vendor by referring the purchaser to a surveyor, by whom he stated the tract had recently been surveyed, for confirmation of the fact that it contained a certain number of acres, makes him his agent for purpose of the reference, and so is bound by his answer, as regards liability for deficiency.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 583–587; Dec. Dig. ⬦156.]

5. VENDOR AND PURCHASER ⬦176—SHORTAGE—ABATEMENT OF PRICE.

The question, What is the character of the soil? having reference to the entire tract sold, is immaterial relative to the contention that the shortage was in the less valuable part of the land, and that therefore the abatement of purchase price on account thereof should not be based on acreage alone.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 333–340; Dec. Dig. ⬦176.]

Error from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Hood Hill against W. E. Taylor and another. Judgment for plaintiff, and defendant Taylor brings error. Affirmed.

Prior to the 17th of September, 1913, W. E. Taylor, plaintiff in error, sold to H. K. Brown a tract of land in Coryell county supposed to contain 191 acres, for which Brown agreed to pay him $11,500 $8,000 of which was to be in cash, the balance in a note for $3,500. Thereafter, and before a deed was executed in accordance therewith, Brown sold said land to Hood Hill, who agreed to pay him therefor the sum of $12,500, of which $9,000 was to be paid in cash and the assumption by him of said $3,500 note. Thereafter, on the 17th of September, 1913,

---

deeds to said land were duly executed and delivered by Taylor to Brown and Brown to Hill in accordance with said agreement. Before the execution of said deeds, however, it appears from the evidence that Hill declined to take the land unless it contained 191 acres, and insisted upon a survey thereof. He was thereupon assured by Brown, Taylor, and his agent, Dalton, that the tract of land did contain 191 acres; Taylor stating that he had recently had the land surveyed by Freeman, to whom he referred Hill in confirmation of his statement. Freeman, who lived at McGregor, was, at the instance of Taylor, then called over the phone by Dalton, who told him of the proposed trade and introduced Hill, who talked with him about the matter, and he stated that he had recently surveyed the land, and that it did contain 191 acres. It was afterwards ascertained that there was a shortage therein to the extent of 36.9 acres, and this suit was brought by Hill against both Brown and Taylor for an abatement of the purchase price to the extent of such shortage at the rate of $65.44 per acre, the purchase price thereof, for which amount he prayed judgment against both Brown and Taylor, and that the same be deducted from said note, tendering the balance due thereon in court, and asking that the same be applied to the payment thereof.

Brown, in effect, admitted the material allegations of plaintiff's petition, but alleged that he bought the land from Taylor relying upon his representations and those of his agent Dalton that the tract contained 191 acres, averring that he paid Taylor the consideration named in his deed to him, and prayed for judgment over against Taylor in such amount as Hill should recover against him.

Taylor excepted to plaintiff's petition and Brown's cross-action, and denied that he had guaranteed that the tract contained 191 acres, and that Brown and Hill bought same in reliance upon his representations as to quantity. He likewise denied that Dalton had authority to guarantee, or did, in fact, guarantee, that there were 191 acres in the tract. He further denied that Brown paid the consideration named in the conveyance from Taylor to him, and, upon information and belief, denied that Hill had paid Brown the consideration stated in Brown's deed to him, and put plaintiff on proof of the shortage alleged. He further pleaded that he had conveyed the tract of land in question to Brown, who had conveyed it to Hill, at which time he did not know the exact acreage, and so advised Brown and Hill, but only represented that Freeman, who had surveyed the same, had reported that the tract contained 191 acres, but that he had no personal knowledge as to the truth of said statement. Taylor further alleged that his sale to Brown was an exchange of properties, and that the land was not sold by the acre, but for a gross sum. Taylor also pleaded an offer to rescind the contract, alleging his ability to put the parties in statu quo, but that said Hill and Brown declined to accept such offer. Taylor also alleged that he had represented to Brown and Hill that there were about 125 acres of cultivated land and about 65 acres of rough and rocky land in the tract, and that the shortage, if any, in said land was in the rough and rocky part, which was not worth exceeding $10 per acre, and that the difference in value between the cultivated land and the rocky land was taken into consideration in making said sale, praying that in the event of recovery against him on account of shortage such difference should be considered. Replying to Brown's cross-action, he pleaded misrepresentation, fraud, and failure of consideration, setting up in detail the items of damage which he claimed against Brown, growing out of said transaction.

Exceptions were sustained to Taylor's cross-action over against Brown. The case was submitted to the jury on special issues, and they found in response thereto that Taylor and his agents represented to plaintiff that the tract contained 191 acres, and that in reliance thereon he purchased the land, agreeing to pay therefor the sum of $12,500; that said tract did not contain 191 acres, but that there was a shortage of 36.9 acres therein. Thereafter Brown dismissed his cross-action against Taylor. The court rendered judgment on said verdict in favor of plaintiff against both Brown and Taylor for $2,414.73, crediting the same on the $3,500 note held by Taylor, from which judgment Taylor alone prosecutes this writ of error.

Witt & Saunders, of Waco, for plaintiff in error. Tirey & Tirey and Marshall Surratt, all of Waco, for defendant in error.

RICE, J. (after stating the facts as above). [1] Plaintiff in error requested and the court refused to instruct the jury to return a verdict for the defendants. This is assigned as error, on the ground that no recovery of damages can be had for misrepresentations when they are not shown to have amounted to actual fraud, but, in the absence of such showing, the complaining party is limited to an action for rescission. We differ with plaintiff in error in this view of the law, because we regard it as immaterial whether or not the misrepresentations were willfully made where the land is sold by the acre, and it afterwards turns out that there is a material shortage therein. In such event the law seems to be that, notwithstanding the fact that there may have been a mutual mistake as to the quantity conveyed, even though the misrepresentations were innocently made, plaintiff would in equity be entitled to a proportionate abatement of the purchase price. See Franco-Texan Land

Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Walling v. Kinnard, 10 Tex. 508, 60 Am. Dec. 216; Moore v. Hazelwood, 67 Tex. 626, 4 S. W. 215; Wheeler v. Boyd, 69 Tex. 298, 6 S. W. 614; Smith v. Fly, 24 Tex. 351, 76 Am. Dec. 109; Wuest et al. v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864; Yates et al. v. Buttrill, 149 S. W. 347.

Chief Justice Wheeler, in Smith v. Fly, supra, says:

"It appears to be well settled that in the sale of land, where there has been misrepresentation as to the quantity, though innocently made, and the parties were under a mistake as to the quantity, and the deficiency is so great as to have been material, in the object of the purchase, affecting the essence of the contract, equity will grant relief. [Citing authorities.] And this, says Judge Story, would be so, although the land was described as so many acres 'more or less.' It would certainly be so where the land is sold by the acre, and the statement of the quantity of acres in the deed is not mere matter of description, but is of the essence of the contract."

Again, in Wheeler v. Boyd, supra, Judge Gaines says:

"It is insisted also that, if the parties to the transaction are mutually mistaken as to the quantity of the land, defendant is entitled to * * * no abatement of the purchase money. The authorities are not in accord upon this question; but we think the decisions of this court recognize that, save in a case where the land is sold in gross and the quantity stated in the conveyance is qualified by the words 'more or less,' the purchaser will be relieved in equity, if the deficiency be great. The disparity being gross between the quantity believed by both parties to exist and that which is found actually to exist, and both having been mutually mistaken, and the quantity being a material element of inducement in the sale, it is but equitable to let the purchaser retain his bargain and to relieve him from payment for that which he does not get"—citing O'Connell v. Duke, 29 Tex. 299, 94 Am. Dec. 282, and Smith v. Fly, Walling v. Kinnard, and Mitchell v. Zimmerman, supra.

In Franco-Texan Land Co. v. Simpson, supra, it is held, as shown by the syllabus, that:

"Where land is sold by the acre, and the parties are under a mutual mistake as to the quantity conveyed, or where the vendee is moved to the purchase by the false representations of the vendor as to the amount, even though innocently made, and the deficiency is afterward discovered, equity will grant to the vendee a proportionate abatement of the purchase price."

We therefore overrule this assignment, because the court did not err in refusing to give the charge requested. For a similar reason we overrule the second assignment of error.

[2] Taylor in his cross-action against Brown sought to recover damages on account of certain misrepresentations as to the value of a machine, as well as other property which he had taken in part payment from Brown for the land in question. The court sustained plaintiff's exceptions to said answer, and it was stricken out. This furnishes the basis for plaintiff in error's third assignment of error, insisting by his proposition thereunder that Brown and Taylor were sued as being severally liable, and Brown was permitted, without exception on the part of plaintiff, to ask for judgment over against his codefendant Taylor, wherefore Taylor should have been permitted to plead in offset and in cross-action over against his codefendant Brown. Brown's cross-action against Taylor having been dismissed, the case stood as though Brown had never filed such plea. Therefore the proposition is based on a reason that did not, in fact, exist; hence was properly overruled. The statement under this assignment is deficient, in that it fails to set out Taylor's cross-action, and the assignment might also have been disregarded for this reason.

[3] The fourth assignment complains that the court erred in permitting Brown to dismiss his cross-action against Taylor. In this there was no error, since Brown had the absolute right to dismiss his plea against Taylor at any time, and Taylor had no right to complain, since he could not be injured thereby.

[4] The court submitted a special issue as follows:

"Did the plaintiff, Hood Hill, in purchasing said land, make such purchase relying upon the representations of the defendant Taylor or his agent, Dalton, or the witness John D. Freeman, or all of them, that there were 191 acres of land?"

And it refused to submit two special issues as follows:

"Did plaintiff, in purchasing said land, rely upon the representations of defendant Taylor; or did he rely upon the representations of Freeman that there were 191 acres in said tract?"

There was no error in giving the first charge and refusing the other two, for the reason, we think, that if the plaintiff relied upon the representations of Taylor, Dalton, or Freeman, or either or all of them, and such representations proved to be untrue, he would be entitled to recover, because the evidence in this case showed that Dalton was acting as the agent of Taylor in making the sale; that, when plaintiff declined to purchase the land until it was surveyed in order to ascertain whether it contained 191 acres, both Dalton and Taylor assured him that said tract did contain said number of acres, the latter stating that he had recently had it surveyed by Freeman, and referred plaintiff to Freeman in confirmation of the fact that it did contain 191 acres. Defendant Taylor was therefore bound by the answer of Freeman, who told Hill that he had surveyed the land, and that it contained said number of acres. See Holland v. Cabaness, 47 S. W. 379. For the purpose of such reference Freeman, to all intents and purposes, became the agent in this respect of Taylor, and the latter was therefore bound by his answer. Hence we overrule the fifth, sixth, and seventh assignments of error.

[5] The eighth assignment urges that the court erred in excluding the proffered testi-

mony of Hill that the shortage was in the less valuable part of the land. Upon an examination of the bill upon which this assignment is predicated we find that the only question asked Hill was:

"What is the character of the soil of that land; what kind of soil is it?"

The question was objected to on the ground that it was immaterial and irrelevant, which objection was sustained. As this question related to the character of the soil of the entire tract, and not to any particular portion of it, the court did not err in excluding the testimony.

The remaining assignments have had our consideration, and are regarded without merit, and are therefore overruled.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.