COX v. BARTON. (No. 79–2856.)

(Commission of Appeals of Texas, Section B. June 11, 1919.)

1. VENDOR AND PURCHASER ☞352 — RECOVERY FOR DEFICIENCY—SPECIAL FINDINGS—CONSTRUCTION.

In an action by a purchaser of land against his vendor for damages for deficiency in acreage, findings by the jury on special issues submitted *held* not to be interpreted as findings that the vendor's agent made false representations as to acreage, or that there was fraud.

2. VENDOR AND PURCHASER ☞343(2)—DEFICIENCY IN ACREAGE — MUTUAL MISTAKE — RIGHTS OF PURCHASER.

Where a purchaser of land, which is described in the deed as containing 100 acres more or less, upon having a survey made, discovered that there was a deficiency of 16 acres, which was not contemplated by either party, the mistake was a material one, and so gross as to entitle such purchaser to relief as a matter of law.

3. VENDOR AND PURCHASER ☞350—ACTION BY PURCHASER FOR DAMAGES — DEFICIENCY IN ACREAGE—EVIDENCE—NEGLIGENCE.

Evidence *held* not to support findings of the jury, in an action by the purchaser of land against the vendor and her agent for damages for a deficiency in the acreage, that the purchaser was guilty of negligence in failing to ascertain quantity of land; he having a right to rely upon the estimate of the vendor's agent as being substantially correct.

4. EXCHANGE OF PROPERTY ☞8(5) — EXCHANGE OF REAL PROPERTY—DAMAGES.

Where a purchaser of land conveyed in part payment a farm, and thereafter discovered that the land conveyed to him contained 84 acres, instead of 100, as estimated by the vendor's agent, his measure of damages was the difference between the value of the property given in exchange and that received by him.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by J. L. Barton against Mrs. Eddie C. Cox and another. From an order of the

Court of Civil Appeals (176 S. W. 793), reversing a judgment of the trial court for defendants and rendering judgment for plaintiff, defendant named brings error. Judgment of the Court of Civil Appeals and of the trial court reversed, and case remanded to District Court for new trial.

Chandler & Pannill, of Stephenville, for plaintiff in error.

Keith & Johnson, of Stephenville, for defendant in error.

MONTGOMERY, P. J. On November 22, 1913, Mrs. Eddie C. Cox conveyed to J. L. Barton a certain tract of land in the corporate limits of Stephenville, Tex. The deed described the land by metes and bounds, one of the boundary lines being a creek, and no meanders of the stream were given. The deed recited the land conveyed as being 100 acres, more or less. In payment for the land, Barton conveyed to Mrs. Cox a farm owned by him, and executed a vendor's lien note for $2,750. The deed recited a cash consideration of $5,000 and the execution of the note.

Soon after the conveyance was made, Barton had the land surveyed, and discovered that the tract contained in fact only 84.04 acres. Barton instituted this suit against Mrs. Eddie C. Cox and R. E. Cox, who acted as her agent in negotiating the transaction, to recover damages by reason of the deficiency in the acreage.

He alleged that R. E. Cox falsely represented to him that the tract contained 100 acres, and that he relied upon the representations and was thereby induced to make the trade, and that the land conveyed to Mrs. Cox in part payment for the land conveyed by her to him was valued at $5,000, and that the total price paid by him was $7,750, and that the price was based on the estimated acreage and was at the rate of $77.50 per acre.

He further alleged that, if the representations were not in fact fraudulent, the sale was consummated under a mutual mistake as to the acreage actually contained in the survey, and that the recital in the deed of "100 acres, more or less," was placed in the deed at the instance of R. E. Cox, who at the time stated that if the land was actually surveyed it would show an acreage of 102, or possibly 103, acres, and for that reason he wanted said clause in the deed; that plaintiff was unlearned in the law, and did not know the legal effect of this recital. The plaintiff prayed for judgment for $1,238.45, the estimated value of the deficiency at $77.50 per acre.

Defendants denied all the material allegations in the petition, and further pleaded that the sale was not one by the acre, but that it was a sale of a specific tract of land, and that the plaintiff investigated for himself, and that all the facts known to defendants were fully disclosed.

The court submitted the case upon special issues to the jury. The issues and verdict thereon were as follows:

"Special Issue No. 1. Was the sale of land from Mrs. Cox to the plaintiff that of a specific quantity of land, to wit, a hundred acres; that is, was it a sale by the acre? Or was it a sale of a specific tract of land by description, each party risking the quantity?

"A. It was not a sale by the acre. It was a sale of a specific tract in gross.

"Special Issue No. 2. If, in answer to special issue No. 1 you have found that the sale was by the acre of a specific quantity to wit, one hundred acres, then how many acres short of the one hundred was the tract that plaintiff actually got, and what price per acre was plaintiff to pay for said land?

"A. It was not a sale by the acre, and the tract measured 84.04 acres, being short of 100 acres 15.96 acres, at $77.50 per acre.

"Special Issue No. 3. What price per acre was the shortage worth at the time the sale was made to plaintiff, exclusive of the building, well, and other improvements on the premises?

"A. We find that the shortage of the tract of land exclusive of improvements to be worth $47.50 per acre.

"Special Issue No. 4. If in answer to special issue No. 1, you have found that the sale was of a specific tract by description, then did the defendant R. E. Cox represent to plaintiff that said tract in gross contained one hundred acres of land?

"A. We find that the said R. E. Cox estimated the tract of land to contain 100 acres.

"Special Issue No. 5. If the defendant R. E. Cox represented to plaintiff that the tract contained one hundred acres of land, then did the plaintiff believe and rely on said representations of the said R. E. Cox.

"A. He did.

"Special Issue No. 6. Did the plaintiff and R. E. Cox both believe that the tract of land contained as much as 100 acres, and was there a mutual mistake on the part of both of them in regard to the amount and quantity of land contained in said tract? If there was, then did plaintiff use such caution and diligence as an ordinarily prudent person would have exercised in matters of that kind to determine the quantity of land in said tract prior to the time the trade was closed?

"A. They both believed that the tract contained as much as 100 acres, and there was a mutual mistake on the part of both of them as to the amount and quantity of the land in said tract. We find that the plaintiff did not use such caution and diligence as an ordinary person would have exercised in matters of this kind to determine the quantity of land in said tract prior to the time the trade was closed."

Upon this verdict the trial court rendered judgment for the defendants. Barton appealed, and the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment against Mrs. Eddie C. Cox for the deficiency at $47.50 per acre.

This writ was granted upon the application of Mrs. Eddie C. Cox

### Opinion.

The Court of Civil Appeals, in reversing the judgment of the trial court and rendering judgment for the plaintiff, Barton, against Mrs. Eddie C. Cox, predicated its action on two theories:

(1) That the verdict of the jury in response to the special issues was in effect a finding that R. E. Cox, the agent of Mrs. Eddie C. Cox, had made false and fraudulent representations as to the number of acres in the tract of land conveyed to Barton.

(2) That the verdict of the jury having found that there was a mutual mistake as to the number of acres contained in the tract conveyed to Barton, Barton was entitled to recover upon the theory of mutual mistake.

In our statement of the case, the special issues submitted and the verdict of the jury thereon have been set out.

[1] We think that the verdict should not be interpreted as finding that R. E. Cox made any false representations. As we construe the whole verdict, the jury found that the sale from Mrs. Cox to Barton was of a specific tract by description and not a sale by the acre; that R. E. Cox did not represent that the tract contained 100 acres, but that he did estimate the quantity of land at 100 acres, and that Barton in purchasing relied upon this estimate; that in making the exchange both parties believed the tract contained 100 acres, and that as to the number of acres there was a mutual mistake. If our interpretation of the verdict is correct, then it follows that the conclusion of the Court of Civil Appeals cannot be sustained upon the ground of fraud.

[2] The Court of Civil Appeals, in addition to the facts found by the jury, found that the mistake was a material one, and so gross as to authorize the court to grant Barton proper relief. After fully considering all the facts, and especially the testimony of R. E. Cox, which is set out in the opinion of the Court of Civil Appeals, we have concluded that the mistake in the number of acres in the survey was a material one, that no such deficiency was contemplated by either party, and that the Court of Civil Appeals did not err in deciding as a matter of law that Barton was entitled to relief therefrom. The circumstances under which relief is given in cases of this character are fully discussed and the proper rule announced in the case of O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282, and we think it only necessary to refer to that case.

[3] We agree with the Court of Civil Appeals that there was no evidence to support the finding of the jury that Barton was guilty of negligence in failing to ascertain the quantity of land. Considering the situation of the parties and the means of knowledge, we think Barton had the right to rely upon the estimate of R. E. Cox as being substantially correct.

[4] From what has been said, it is apparent that, in our opinion, the judgment of the Court of Civil Appeals should be affirmed, unless the Court of Civil Appeals committed reversible error in failing to apply to this case the measure of damages announced by the Supreme Court in the case of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. The case of George v. Hesse, was one in which an exchange of lands was induced by fraud, and the Supreme Court held that the measure of recovery by the defrauded party was the difference between the value of the property given in exchange and that received by him.

It seems to us that there is a much stronger reason for applying the rule announced in George v. Hesse in cases involving mutual mistake than in cases of fraud, and we are of opinion that the rule announced in that case should be followed and applied in this case. It is evident from the record that the case was not submitted in the trial court upon the theory announced in the case of George v. Hesse.

There was evidence tending to show that the land given by Barton in exchange for the 100 acres of land conveyed to him was of less value than $5,000 although the deed recited the consideration at that sum.

For the reasons herein shown, we recommend that the judgment of the Court of Civil Appeals and of the trial court be reversed, and that this case be remanded to the district court for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question of the measure of damages, as to which the reversal is ordered.