**ROSS et al. v. BREWER. (No. 1447.)**

(Court of Civil Appeals of Texas. El Paso. March 22, 1923. On Rehearing, May 10, 1923.)

**1. Vendor and purchaser ⌖⇒80, 334(7)—Deed indicating sale of land in gross may be shown to be by acre; purchaser may have relief if deficiency is great.**

Though a deed on its face indicates a sale in gross, it may be shown, under appropriate allegations of fraud, misrepresentation, or mutual mistake, that it was in fact a sale by the acre, and the purchaser will be relieved in equity, if the deficiency is great.

**2. Vendor and purchaser ⌖⇒341(2)—Petition to recover for shortage held sufficient.**

In purchaser's action to recover for an alleged shortage of .645 acres of land, the petition, averring a sale by the acre at $3,500 per acre, that the conveyance constituted a warranty of the recited acreage of .645, and that defendant, under a mistake of fact, represented the acreage to be 6.88 acres, and that there was a mutual mistake as to acreage, and that, if it was not mutual, defendant had misrepresented the acreage to defraud plaintiff, held sufficient.

**3. Vendor and purchaser ⌖⇒65(1)—Recital of acreage held merely descriptive.**

The statement of the number of acres of land, after a description by metes and bounds, is merely descriptive.

**4. Vendor and purchaser ⌖⇒334(7)—Discrepancy in acreage held not so small as to deny relief to purchaser.**

Where 6.88 acres of land was sold at a price of $3,500 per acre, a discrepancy of .645 acres was sufficient to entitle purchasers to relief.

On Rehearing.

**5. Appeal and error ⌖⇒1177(7)—Where evidence not fully developed, case remanded.**

Where judgment for defendant was reversed, but it appeared that the evidence on the defensive issues tendered by defendant was not fully developed, the cause would be reversed and remanded, and not reversed and rendered.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Action by W. R. Ross and others against J. E. Brewer. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Ross, Ross & Alexander and Francis G. Coates, all of Fort Worth, for appellants.

Sam R. Scott, of Waco, for appellee.

HIGGINS, J. The appellee, Brewer, was the owner of an oil and gas lease on 66⁶/¹⁰ acres of land in Eastland county. On July 7, 1919, he conveyed to the appellants Ross and Hoover his interest in 6.88 acres of the land, describing same by metes and bounds. The conveyance recites a consideration of $1 and other good and valuable considerations. It was shown by the undisputed evidence that the sale was by the acre and for the price of $3,500 per acre and that $24,080 was paid in cash for same. This suit was brought by the appellants to recover back a part of the purchase money, it being alleged that there was a shortage of .645 acres in the tract so conveyed to them. The evidence discloses the shortage alleged.

Upon trial without a jury, judgment was rendered that the plaintiffs take nothing. Findings of fact and conclusions of law were not filed by the trial court.

It may be assumed, as contended by the appellee, that the conveyance upon its face imports a sale in gross.

In Harrison v. Talbot, 2 Dana (Ky.) 258, sales in gross are divided into four classes, and it was declared that, in a proper case within the third and fourth classifications, equity would afford relief to the injured party for an unreasonable surplus or deficit.

The third and fourth classes are thus defined:

' "Third, sales in which it is evident, from extraneous circumstances of locality, value, price, time, and the conduct and conversations of the parties, that they did not contemplate or intend to risk more than the usual rates of excess or deficit in similar cases, or than such as might be reasonably calculated on as within the range of ordinary contingency; fourth, sales which, though technically deemed and denominated sales in gross, are, in fact, sales by the acre, and so understood by the parties."

The classification there made and doctrine announced was approved in O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282.

[1] Many applications of this rule have since been made by our courts, and it is now well settled in this state that, though a deed upon its face indicates a sale in gross, yet it may be shown, under appropriate allegations of fraud, misrepresentation, or mutual mistake that it was in fact a sale by the acre, and the purchaser will be relieved in equity if the deficiency be great. Wheeler v. Boyd, 69 Tex. 293, 6 S. W. 614; Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953; Daughtrey v. Knolle, 44 Tex. 450; Renfro v. Huling, 2 Posey, Unrep. Cas. 279; Wuest v. Moehrig, 24 Tex. Civ. App. 124, 57 S. W. 864.

[2] It is insisted by appellee that the pleadings of appellants are insufficient. The petition is lengthy and inaptly framed, but it is sufficiently averred that the sale was by the acre for an agreed price of $3,500 per acre; that the conveyance constituted a warranty of the recited acreage of .645 acre; that the defendant, under mistake of fact, represented the acreage to be 6.88 acres; and that there was a mutual mistake as to the acreage, and, if the mistake was not mutual, the defendant had misrepresented the acreage for the purpose of defrauding the plaintiff.

[3] The warranty contained in the conveyance affords no basis for the relief sought. Daughtrey v. Knolle, supra. The recital of the acreage was descriptive merely. Baleja v. Henderson (Tex. Civ. App.) 241 S. W. 1080. Nor is there any evidence of fraud or misrepresentation. But it is plain the parties acted upon the mutual assumption and mistake that the acreage was as recited in the conveyance, and the total price to be paid was ascertained upon that basis. Just how the error occurred is not apparent, and it is immaterial.

[4] Appellee also insists that the discrepancy in the acreage is so small that relief will be denied. It is true the deficiency is only .645 acres, but it is approximately 10 per cent. of the whole. In many of the cases where relief has been granted the proportionate deficiency was much less than this. The land was exceedingly valuable, and the de-

ficiency represented a loss to the plaintiffs of $2,257.50. Under the circumstances, the deficiency was sufficient to entitle the plaintiffs to relief.

The facts being undisputed and fully developed, the judgment is reversed and here rendered in appellants' favor for $2,257.50, with interest from July 7, 1919.

Reversed and rendered.

### On Rehearing.

[5] Upon consideration of the motion for rehearing, the conclusion is reached that we erred in rendering the judgment, We have reached the conclusion that the evidence upon the defensive issues tendered by defendant was not fully developed. The cause should therefore be reversed and remanded for retrial. Ry. v. Robinson, 104 Tex. 482, 140 S. W. 434.

The order reversing and rendering is set aside, and the cause reversed and remanded.