## REID v. BYRD.
### No. 1977.

Court of Civil Appeals of Texas. Beaumont.
Oct. 31, 1930.

Rehearing Denied Jan. 7, 1931.

V. E. Middlebrook, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

WALKER, J.

On March 26, 1925, appellant sold to appellee by his warranty deed in writing of that date the following described tract of land upon the recited consideration of $2,146.50, which was in fact paid, to wit:

"All that certain tract or parcel of land situated about 2¾ miles S E from the public square of the City of Nacogdoches, Nacogdoches County, Texas, on the N de la Cerda Grant and thus described:

"Beginning at the S E corner of a tract of land heretofore conveyed by Mrs. S. B. Knisley to H. C. Cleaver; thense West with said Cleaver's S B line 291 vrs. to the most northern N E corner of a 11.6 acre tract, heretofore conveyed to Abe Fulghum, from which a P O 7 in. brs. N. W. 5.4 vrs; thence S 45½ W 134 vrs. to the corner, from which a pine 14 in. dia. brs. N. 52½ W 5.4 vrs; thence N. 52½ W 69.6 vrs. to corner, from which a S J 5 in. brs. N. 19½ E 3.4 vrs; thence S 38½ W 424 vrs to the S W corner of said 11.6 acres, from which a P O 20 in in dia. brs. N 5 2 10.8 vrs. and a pine 16 in brs. S. 24½ E 9.2 vrs; thence South 195 vrs. to the N W corner of a 50 acre tract formerly owned by Hence Reader, from which a S g 16 in brs. S. 39 E 18.2 vrs, and a pine 14 in brs N 21½ W 3.2 vrs; thence E with the NB line of said Reader 50 acres 705.6 vrs. to corner in said line, from which a pine 20 in brs. S 67½ W 1.6 vrs. and a Post Oak 8 in brs. S 85 E 9.6 vrs. Thence North 695.6 vrs. to the place of beginning, containing 71.55 acres of land, and being the same tract conveyed to Wm. G.

Reid by Nick Thompson and wife, Easter Thompson, by deed dated November 6th, 1909 and recorded in Vol. 69, page 515 of the deed records of Nacogdoches County, Texas."

This was an action in district court of Nacogdoches county by appellee against appellant for an alleged deficiency in the acreage of 71.55 acres, as recited by the deed. Appellee prayed for damages for the alleged deficiency, alleging that the tract of land was sold to him by the acre at an agreed price of $30 per acre. The jury found that the land was sold by the acre and at $30 per acre. After the verdict was returned, the parties agreed that one J. R. Gray should calculate the actual acreage as indicated by the field notes. Gray made this calculation, and concluded that the field notes contained 63.34 acres. Judgment was accordingly entered in appellee's favor against appellant for $246.30, being the value of 8.21 acres, the difference between the recited acreage of 71.55 acres and the actual acreage, as shown by Gray's calculation of the field notes, at $30 per acre, with interest at 6 per cent. per annum from date of purchase. No issue of limitation was in the case.

Appellant presents his appeal upon the following propositions:

First. He insists the district court was without jurisdiction to try the case. Appellee fixed his damages by his petition at $645, being the value of 21.5 acres at $30 per acre. He alleged this shortage as follows:

"That in making the representation the defendant was mistaken in that it did not include 71.55 acres but only 51.05 acres, and that the purchase price of said above described premises was $30.00 per acre, and that this was a consideration paid by the plaintiff to defendant; that plaintiff has given the defendant notice of said shortage and has made demand of the defendant for the shortage, but that the defendant refused and still refuses to pay the same or any part thereof, to plaintiff's damages in the sum of $645.00, by reason of the defendant's breach of covenants in said deed contained."

It is true that in other portions of his petition appellee pleaded the shortage as being the difference between 71.55 and 61.05 acres. But, having made these allegations, he concluded his petition as above stated, clearly alleging a shortage of 21.5 acres. The petition was poorly drawn, but does not seem to have been excepted to on that ground. The matter was before the trial court, and we cannot say he erred in construing the petition as conferring jurisdiction upon the district court.

Second. Appellant contends that the acreage recited to be 71.55 acres was not within the protection of the warranty. On

authority of Baleja v. Henderson (Tex. Civ. App.) 241 S. W. 1080, 1082; Ross v. Brewer (Tex. Civ. App.) 251 S. W. 307; and Briley v. Hay (Tex. Civ App.) 13 S.W.(2d) 997, 998, this proposition is sustained. Where the deed contains field notes which, properly calculated, show an acreage different from that recited in the deed, the mere recitation as to the number of acres conveyed is not within the protection of the warranty. In the first case cited above, Judge Fly said, speaking for the San Antonio court:

"It is the rule in descriptions of land, after giving metes and bounds, to state the number of acres; but, unless there is an express covenant that the land conveyed contains the number of acres mentioned, the mention of the number of actes will be taken to be merely a part of the description of the land when the amount of the land can be ascertained by monuments and boundaries. The language of the contract of sale must show that it was intended to convey a specified number of acres, or the mention of the number of acres will be merely a matter of description."

But, where the deficiency is excessive, relief may be had as for money had and received, as well as upon allegations of fraud and mistake. Thus in Smith v. Fly, 24 Tex. 349, 76 Am. Dec. 109, it was said relief may be had where "the deficiency is so great as to have been material." In this case the deficiency is almost 12 per cent. of the recited acreage of 71.55 acres as against a deficiency of only about 10 per cent. in the second case cited.

Though appellee pleaded his warranty in connection with his allegations for relief, the warranty was not the basis of his cause of action. Properly analyzed, his petition simply stated a cause of action for money had and received, as that issue was defined in the third case cited above.

Third. If it be conceded that appellee had a cause of action for deficiency, then appellant insists that the proper measure of damages was the difference in value between the price actually paid by appellee for the land and the actual market value of the particular tract of land sold. Had appellee's cause of action been for fraud or mistake, appellant's proposition would be sound; as said in the third case cited above:

"The measure of damages for false representations as to the acreage is the difference, if any, in what appellee gave for the tract of land and the value of the land he got. Vogt v. Smalley (Tex. Com. App.) 210 S. W. 511; George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456."

On this theory appellant offered testimony to the effect that the tract of land containing 63.34 acres was worth all that appellee paid for the land as described in his deed. There was no error in excluding this testimony on the construction we have given appellee's petition.

Fourth. There was nothing in the deed to indicate that the sale was by the acre, and there was no warranty that the tract of land contained 71.55 acres. On his construction of the deed appellant contends that parol evidence was not admissible to raise the issue that the sale was not in gross and by the acre. Therefore he contends that the trial court erred in overruling his general demurrer to plaintiff's petition. This proposition is overruled. In the third case cited above it was said:

"But, although the contract and deed show a sale in gross, it may be shown by parol evidence under appropriate pleadings that the sale was actually one by the acre. Franco-Texan Land Co. v. Simpson, 1 Tex. Civ. App. 600, 20 S. W. 953."

The parol evidence admissible under this rule duly raised the issue that appellant sold his land to appellee at $30 an acre, and represented to him that it contained 71.55 acres and that appellee bought the land, believing these representations, and paid the recited consideration, that is, paid $30 per acre for 71.55 acres. This was the verdict of the jury, which has full support.

The judgment of the lower court is affirmed.