S. D. CARPENTER et al., Appellants,

v.

*Roscoe O.* BANDY *et ux.,* Appellees.

No. 6879.

Court of Civil Appeals of Texas.

Texarkana.

June 21, 1956.

Rehearing Denied July 19, 1956.

W. Clyde Hull, Pittsburg, for appellants.

Fulton, Hancock & McClain, Edwin M. Fulton, Hollie G. McClain, Gilmer, for appellees.

HALL, Chief Justice.

This is an action brought by appellees against appellants and Delta Scales, a real estate agent representing appellants, to recover for a certain shortage in acreage of two tracts of land purchased by appellees from appellants through their agent, Delta Scales. Appellees alleged that Delta Scales, appellants' agent, falsely represented to them that the tracts of land contained a total of 155 acres, less 7.68 acres theretofore sold for highway purposes; that they believed and relied upon said representations; that a survey showed a shortage of 35.97 acres. It was also alleged that the land was sold by the acre at a price of $70 per acre; that the parties to the transaction were mutually mistaken as to the correct number of acres included in the deed. Trial was to a jury and resulted in a verdict favorable to appellees, and judgment was entered for them by the court.

Appellants present four points as follows:

"1. The Court erred in not holding that the deed from Appellants to Appellees· describing land by metes and bounds and bounded by natural objects was a sale of a tract of land, not a sale of acres, being a sale in bulk.

"2. The Court erred in not giving · Appellants' requested instruction to the jury that the deed from S. D. Carpenter to Roscoe O. Bandy et ux. does not operate as a warranty of quantity and that grantor is not personally liable under warranty, the deed describing land by metes and bounds was a sale in gross on its face.

"3. The Court erred in not giving Appellants' requested affirmative issues:

"(a) That defendant Carpenter intended such sale to be in bulk regardless of the number of acres contained in such tract.

"(b) That defendant Carpenter did not do anything to lead plaintiff or either of them to believe that such tract actually contained 155 acres of land.

"(c) That such sale was in bulk regardless of the number of acres and that selling price would have been the same even if such land had been surveyed, was the understanding which Carpenter had at the time of such sale.

"4. The Court erred in holding in effect that these Appellants were bound by acts of defendant Delta Scales as their agent when evidence shows said Delta Scales was a joint agent of plaintiffs and Ayers and interested adversely to these defendants in a three-way deal and they were not bound by acts or representations of said Delta Scales as their agent."

The jury found that: (1) Mrs. Scales, agent of appellants, represented to the plaintiffs that the tract of land in controversy contained 155 acres, less 7.68 acres sold for highway purposes; (2) that such representation by Mrs. Scales was false; (3) that Mrs. Scales did not know that such representations were false; (4) that appellees believed the representations made by Mrs. Scales; (5) appellees relied upon such representations; (6) that Mrs. Scales was the agent of appellants in the sale of the land involved herein; (7) that the sale of the land in controversy by appellants was not a sale in gross; (8) that the sale of the land by appellants to appellees was by the acre; (10) that the recital in the deed from appellants to appellees that the tract of land conveyed contained 155 acres, more or less, less 7.68 acres deeded for highway, was a mutual mistake of the parties; (11) that appellants did not offer to restore to appellees the consideration paid for the land involved; (12) that appellees were not negligent in failing to ascertain the true acreage involved in this suit prior to the close of this transaction; (13) that the number of acres of land involved herein at the time of the sale was 111.35; (14) that the reasonable cash market land price per acre at the time of the sale of the land involved herein was $70 per acre.

The deed by which said land was conveyed recites that the consideration for the said sale was the sum of $10,312.40, of which $4,000 was paid in cash and the balance in six notes payable annually. The deed recites further that the land conveyed is 155 acres more or less, less 1.68 acres theretofore sold for highway purposes.

Appellants contend that the land was sold in bulk for the recited consideration set out in the deed, whereas the appellees contend that the land was sold by the acre for a price of $70 per acre and upon this basis they sued for the shortage which amounts to 35.97 acres or approximately 24% of the total acreage supposed to have been conveyed. Appellants contend that the land having been sold in gross or in bulk and not by the acre for the sum specified and having been described by metes and bounds, appellees cannot recover for any shortage that might have occurred, especially in view of the fact that the deed recited the acreage as being "more or less."

█ As heretofore pointed out, the jury found in favor of appellees on the important issues: (a) That the land was sold by the acre; (b) that the acreage in the two tracts was represented by the appellants' agent, Mrs. Scales, to be 155 acres; (c) that the value of the land at the time of the purchase was $70 per acre; (d) that the representation by Mrs. Scales to the effect that the tract contained 155 acres was false; and (e) that appellees believed the representations of Mrs. Scales and relied upon same. These findings by the jury together with the other findings find ample support in the testimony. Appellee Bandy and his wife testified fully that the sale was by the acre

and that appellants' agent, Mrs. Scales, represented that there was 155 acres in the two tracts, less 7.68 acres theretofore sold for highway purposes, and that the price was $70 per acre.

■ The case most nearly in point with the case at bar is Brewer v. Ross, Tex.Civ. App., 290 S.W. 781, writ refused. To quote excerpts from that decision would necessitate a copy of almost the entire opinion. The facts in that case, however, are that the property sold was represented to be between six and eight acres, the purchase price of $3,500 per acre, and the deficiency was .645 acre, the court held that under the circumstances it was sufficient to entitle plaintiffs to equitable relief. See also Ross v. Brewer, Tex.Civ.App., 251 S.W. 307. In the case at bar, the deficiency was 35.97 acres which amounted to nearly 24% of the total number of acres called for in the deed. Such a discrepancy in acreage under the facts in this case certainly would warrant a court of equity to grant relief. Granting that under the terms of the deed the property was sold in gross or bulk since it is qualified by the words " 'more or less' " the following rule announced by Judge Gaines in Wheeler v. Boyd, 69 Tex. 293, 6 S.W. 614, 617, would apply: "The disparity being gross between the quantity believed by both parties to exist, and that which is found actually to exist, and both having been mutually mistaken (as here), and the quantity being a material element of inducement in the sale, it is but equitable to let the purchaser retain his bargain, and to relieve him from payment for that which he does not get." O'Connell v. Duke, 29 Tex. 299; Smith v. Fly, 24 Tex. 345; Walling v. Kinnard, 10 Tex. 508; Mitchell v. Zimmerman, 4 Tex. 75. Therefore, the rule is clear that where the property is sold in gross and the disparity is great, as in this case, between the acres conveyed by the deed and that found to be in the land purchased, equity will give relief under proper pleading and proof here present, that the land was sold by the acre. Franco-Texan Land Co. v. Simpson, 1 Tex.Civ.App. 600, 20 S.W. 953; Reid v. Byrd, Tex.Civ.App., 34 S.W.2d 305. See also Arrott v. Smith, Tex.Civ.App., 225 S.W.2d 639 and cases there cited.

There is no contention here that the shortage in acreage would be protected by the warranty in the deed. No such warranty is expressed in the deed. Quoting further from Wheeler v. Boyd, supra, in speaking of the warranty in the deed, it is said: "This is a written contract, and there could be no warranty except such as is expressed in the deed. He can claim an abatement only for fraud or mutual mistake" (both of which were pleaded and proved and found by the jury to exist in this case).

We have examined all other points brought forward by appellants and find they are without merit, and they are respectfully overruled.

The judgment of the trial court is in all things affirmed.