Richard B. STEWARD, Jr., et ux., Appellants,

v.

Pauline R. JONES, et vir., Appellees.

No. 8964.

Court of Appeals of Texas, Texarkana.

Feb. 23, 1982.

Jerry L. Davis, New Boston, for appellants.

Robert W. Littrell, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellees.

CORNELIUS, Chief Justice.

Richard B. Steward, Jr. and wife, as purchasers, entered into a contract for the sale of real estate with Pauline R. Jones and husband, as sellers, covering a tract of land in Bowie County, Texas, thought to contain 14 acres. When Mr. and Mrs. Jones discovered that the tract actually contained 20.76 acres they refused to convey the property, whereupon the Stewards filed suit to specifically enforce the contract. The Joneses defended on the ground that the contract was unenforceable and should be rescinded because the parties were mutually mistaken as to the amount of acreage contained in the tract. In a trial to the court rescission was granted.

Findings of fact and conclusions of law were not properly requested and were not filed. In that situation the judgment imports all findings necessary to support it and we must affirm the judgment if it can be sustained upon any lawful theory finding sufficient support in the evidence and the pleadings. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *City of Kingsville v. International Association, Etc.*, 568 S.W.2d 397 (Tex.Civ.App.—Corpus Christi 1978, no writ); 4 McDonald, Texas Civil Practice § 16.10 (rev.1971).

The contract described the land as follows:

"All that certain tract or parcel of land situated in Bowie County, Texas of the J. H. Bennett headright survey, a part of Tract four described in a deed executed by A. J. Williams to Pauline R. Williams

Jones recorded in Volume 560, page 820, Deed Records of Bowie County, Texas, and Being more fully described as follows:

"Being all of said Tract four located on the west side of a county road and being bounded on the West by the J. R. O'Rear tract, on the North by the James E. Pirtle tract described by deed recorded in Volume 632, page 785 Deed Records, of Bowie County, Texas, on the East by the said county road and on the South by a county road and being fourteen acres of land, more or less."

Ordinarily a contract or conveyance which describes a tract of land by metes and bounds, and states the acreage by way of description instead of as a warranty of quantity, will be considered to be a sale in gross rather than a sale by the acre. *O'Connell v. Duke*, 29 Tex. 299 (Tex.1867). However, a sale may be shown to be by the acre even though the land is described as a specific tract and the conveyance uses the words "more or less" or similar language, and parol evidence may be admitted to show that fact. *Olvey v. Jones*, 137 Tex. 639, 156 S.W.2d 977 (1941, opinion adopted); *Briley v. Hay*, 13 S.W.2d 997 (Tex.Civ.App.—Eastland 1929, no writ); *Ray v. Barrington*, 297 S.W. 781 (Tex.Civ.App.—Waco 1927, no writ); *Brewer v. Ross*, 290 S.W. 781 (Tex.Civ.App.—El Paso 1927, writ ref'd); *Franco-Texan Land Co. v. Simpson*, 1 Tex.Civ.App. 600, 20 S.W. 953 (1892, no writ). Equity will provide a remedy when by mutual mistake the land contains materially more or less acreage than the parties believed. A slight disparity will justify equitable relief if the sale is by the acre, but if the sale is in gross a great disparity must exist to authorize relief. *Wheeler v. Boyd*, 69 Tex. 293, 6 S.W. 614 (1887); *Cox v. Barton*, 212 S.W. 652 (Tex.Com.App.1919, jdgmt. adopted); *Carpenter v. Bandy*, 293 S.W.2d 126 (Tex.Civ.App.—Texarkana 1956, writ ref'd); *Lee v. Watson*, 181 S.W.2d 599 (Tex.Civ.App.—Beaumont 1944, writ ref'd w. o. m.); *Findlay v. State*, 238 S.W. 956 (Tex.Civ.App.—Austin 1921), *affm'd*, 250 S.W. 651 (Tex.1923).

 Even if the trial court concluded in this case that the sale was in gross, there was such a disparity of acreage—approximately 48%—as would justify relief, and there is sufficient evidence in the record to support the trial court's implied finding of mutual mistake. Mrs. Jones testified that she believed and acted upon the belief that the tract contained only 14 acres. Mr. Steward testified that he did not know how much acreage the tract contained and that he wanted it for the price regardless of its acreage, but at other points in his testimony he stated that in the beginning he understood the price was $550.00 per acre ($7,700.00 for 14 acres), and that at the time the contract of sale was signed he and the Joneses acted upon the assumption that the tract contained 14 acres.

For the reasons stated, the judgment of the trial court is affirmed.